**G.M. BROD & CO., INC.,**
**Plaintiff–Appellant,**

v.

**Ira ADLER, Defendant–Appellee.**

**No. 88–5163**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 10, 1988.

Robert M. Brake, Coral Gables, Fla., for plaintiff-appellant.

Before KRAVITCH, JOHNSON and EDMONDSON, Circuit Judges.

EDMONDSON, Circuit Judge:

G.M. Brod & Co., Inc. (Brod, Inc.) appeals the district court's denial of its motion—under the relitigation exception of the Anti–Injunction Act, 28 U.S.C. section 2283—to enjoin appellee Ira Adler from pursuing state proceedings. Because we determine that the district court did not abuse its discretion in denying an injunction, we affirm.

In 1981 Brod, Inc. filed suit against Adler in federal district court for conversion; the suit asked for damages, for an accounting of funds and for a restraining order. While this suit was pending, Adler, in late 1983, filed in Florida state court a complaint against Brod, Inc. and against E. Dennis Brod (Brod); Brod is the sole stockholder and chief officer of Brod, Inc. The state court action alleged that Adler was a partner of Brod, Inc. and entitled to a portion of funds received by the company. Brod, Inc.'s suit against Adler in federal court went to trial in 1985 and resulted in a jury verdict in favor of Brod, Inc.; compensatory and punitive damages were awarded. This judgment was affirmed on appeal to this court in May 1986.

Adler thereafter reactivated his state suit, which is presently set for trial on May 16, 1988. In January 1988 Brod, Inc. moved before the federal district court for an injunction to prevent Adler from continuing his suit in Florida state court. Brod, Inc. maintained before the district court, and continues to maintain on appeal, that the state suit seeks to relitigate issues already decided in the federal suit between Brod, Inc. and Adler. Brod, Inc. contends that, to effectuate the federal court judgment, an injunction should issue preventing Adler from pursuing his suit in state court.

The district court summarily denied the injunction.

Title 28 U.S.C. sec. 2283 states:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

"On its face the present Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed. 2d 234 (1970). "Because of the sensitive nature of federal interference with state court litigation, the exceptions to the rule against injunctions, *including the third which applies to relitigation of claims that threatens a federal court's judgment*, must be narrowly construed.... Accordingly, the party seeking the injunction must make a 'strong and unequivocal showing' of relitigation." *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 585–86 (11th Cir.1983) (emphasis added).

"A district court has discretion to determine whether federal interference with state proceedings is warranted pursuant to the relitigation exception to the Anti–Injunction Act and, within that discretion, a district court in a given case may go either way and not be reversed." *First Alabama Bank of Montgomery v. Parsons Steel, Inc.*, 825 F.2d 1475, 1486 (11th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1015, 98 L.Ed.2d 980 (1988). The record on appeal fails to indicate clearly to us that issues and claims raised in the state suit are identical to those raised and decided in the federal suit.[1] "Any doubts as to the propriety of a federal injunction against

state court proceedings should be resolved in favor of permitting the state court to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line*, 398 U.S. at 297, 90 S.Ct. at 1748. In light of the record before us, we cannot hold that the district court abused its discretion.

While the district court's ruling—and our affirmance—denies Brod, Inc. relief from the federal courts, we note that Brod, Inc. is entitled to assert and, in fact, has asserted the defenses of res judicata, collateral estoppel, and waiver of compulsory counterclaims before the Florida state court hearing Adler's suit. "A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel." *Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir.1960).[2]

For the above reasons, the district court order is AFFIRMED.

---

1. As relates to the state action, there was no state record before us stipulated to by the parties. The record on appeal to this court contained the full federal record and only an uncertified copy of what purported to be the First Amended Complaint and the Amendment to the First Amended complaint in the state action.

2. Subsequent to both the district court's denial of an injunction and the filing of this appeal, the Florida state court hearing Adler's suit has stricken Brod, Inc. and Brod's affirmative defenses of res judicata, collateral estoppel, and compulsory counterclaim from the state suit. If Brod, Inc. and Brod contest the correctness of this ruling, they have the right to seek relief by appeal to higher Florida state courts.